# DOCUMENT 5: THE AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

STATESVILLE DIVISION

**FILED**
Statesville, NC

NOV 13 2026

Clerk, US District Court
Western District of NC

JACOB DANIEL ZIMMER,

Plaintiff,

v.

CASE NO: 5:26-cv-276-MED

ASHE COUNTY CHILD SUPPORT SERVICES,

NORTH CAROLINA DEPARTMENT OF HEALTH

AND HUMAN SERVICES (NCDHHS), and

ASHE COUNTY SHERIFF'S OFFICE,

Defendants.

**AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, FALSE INCARCERATION, UNAUTHORIZED USE OF SOCIAL SECURITY IDENTIFIER, TRADEMARK INFRINGEMENT, AND BREACH OF DUTY**

1. **JURISDICTION:** This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), as the Plaintiff asserts claims arising under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments.

2. **VENUE:** Venue is proper under 28 U.S.C. § 1391(b) because the Defendants operate within this judicial district, and a substantial part of the events giving rise to the claim occurred in Ashe County, North Carolina.

3. **FACTUAL ALLEGATIONS:**

a. Plaintiff JACOB DANIEL ZIMMER is the sole, lawful owner and proprietor of the trade name and common-law trademark JACOB DANIEL ZIMMER™ and all derivations thereof (the "Trademark"), as officially filed with the United States Patent and Trademark Office (USPTO) under Trademark Serial Number 99865649 on June 4, 2026. Plaintiff maintains a permanent residence at 16 Ballenger Ranch Rd, Edgewood, New Mexico 87015.

b. In or around 2023, an unverified administrative case account was opened by Defendant Ashe County Child Support Services targeting the Plaintiff under color of state law, originally filed under Case No. 23CVD264 (IVD Account No. 8515970/9008742) listing the mother, Lanette Eggert, as the custodian, with Judge Robert Crompton presiding over the initial unverified proceedings.

c. Plaintiff was never legally served with a summons, complaint, or notice of any hearing in 2023, resulting in a total absence of personal jurisdiction and a structural violation of due process.

d. Following the passing of the original custodian, Lanette Eggert, Defendants actively collaborated with a third party, Raymond W. Eggert, to establish a completely new enforcement action and transfer financial obligations under Case No. 23 CVD 264 (IVD Account No. 9008742). Defendants fabricated this debt and assigned it to the Plaintiff's identity without serving the Plaintiff with a summons, petition, or providing a statutory legal hearing.

e. Plaintiff explicitly requested and was denied a DNA paternity test by Defendants, violating his due process rights to contest the administrative enforcement actions and establish the record.

f. Defendants further collaborated with the State of New Mexico child support mechanisms to generate an unauthorized, duplicate enforcement action under New Mexico CSSD Case No. 000527822 (NCP ID 002713168) for the exact same underlying matter, resulting in fraudulent double-billing, conflicting ledgers, and unlawful financial tracking across state lines.

g. During a previous appearance, Plaintiff explicitly demanded a formal accounting and total legal payoff verification from the presiding judge. The court flatly refused to provide the certified financial payoff figures, denied the request for an accounting, and instead arbitrarily fabricated back-due arrears and increased ongoing monthly support obligations out of thin air, absent any verified financial evidence, formal motion, or ledger audit, constituting a severe and arbitrary deprivation of property and a total breakdown of judicial due process.

h. Upon appearing before the court to contest the total lack of service of process, the presiding judge, Laura Luffman, explicitly ordered the Plaintiff to explain the lack of service. However, when the Plaintiff attempted to speak and comply with the court's direct order, Judge Laura Luffman actively suppressed his testimony, refused to let him complete his statement, and flatly denied the Plaintiff his constitutional right to have the assistance of counsel for his defense.

i. Proceeding with a total disregard for constitutional protections, Judge Laura Luffman summarily held the Plaintiff in contempt for ten (10) days without representation, without an inquiry into his ability to pay, and simply for attempting to verbally defend his right to due process.

j. Pursuant to said unconstitutional contempt order, Ashe County Deputy Greg Schider executed a "Failure to Appear" warrant that was structurally void. Upon executing the arrest, Deputy Greg Schider failed to read the Plaintiff his Miranda rights, refused to produce a certified copy of the warrant or underlying charging instruments when explicitly demanded as proof, and refused to disclose or provide information regarding his official Oath of Office.

k. Deputy Greg Schider executed this bad-faith arrest inside a hospital room while the Plaintiff's spouse was undergoing a life-threatening medical emergency (a heart attack), forcefully and directly interfering with the emergency medical environment and the ongoing treatment of the Plaintiff's spouse, creating an unconscionable deprivation of substantive due process and liberty under color of law.

l. Pursuant to said arbitrary summary contempt order, the Ashe County Sheriff's Office unlawfully held the Plaintiff in physical confinement for ten (10) days in direct retaliation for the Plaintiff attempting to assert his Fourteenth Amendment right to due process.

m. Defendants have engaged in the unauthorized use of the Plaintiff's private Social Security Number (SSN) and Trademark to generate automated financial charging orders, intercept tax records, and submit data to the Federal Passport Denial database without a valid Power of Attorney or lawful consent.

n. Plaintiff has made exhaustive, good-faith efforts to resolve this matter administratively by transmitting multiple certified letters and formal records requests to the Defendants demanding the underlying contracts, charging orders, and certified financials. The Head Clerk of Court, Sherman Lee, actively refused to provide the requested records, failed to provide a lifetime financial accounting upon explicit demand, and verbally stated to the Plaintiff that the court "stopped doing the accounting years ago." This wholesale abandonment of financial accountability demonstrates a malicious non-disclosure of mandatory public operational records.

o. Plaintiff formally disputed the fraudulent and unverified administrative debt account with national credit bureaus, including TransUnion and Equifax. Following a formal investigation, the credit bureaus permanently deleted and removed the alleged debt account from the Plaintiff's record on the explicit grounds of unverified account data and fraud, directly establishing that the Defendants possess no lawful, verified underlying debt contract or judgment against the Plaintiff's identity.

p. Plaintiff has repeatedly attempted to resolve these structural defects by serving the Defendants with formal Pre-Suit Notices and administrative disputes spaced out over multiple years. Defendants have established a continuous, long-term pattern of willful blindness and malice by completely ignoring, failing to respond to, and refusing to answer any of the Plaintiff's formal correspondences, choosing instead to continuously execute unauthorized property levies and civil rights deprivations under color of law.

4. **COUNT I: COLOR OF LAW VIOLATIONS, UNCONSCIONABLE ABUSE OF PROCESS, DENIAL OF COUNSEL, AND RETALIATORY INCARCERATION (4th, 6th & 14th AMENDMENTS)**
   Defendants, acting under color of state law through the actions of Judge Laura Luffman and enforcement agents, actively deprived the Plaintiff of his fundamental physical liberty. Defendants executed a structurally void warrant, arrested the Plaintiff inside a hospital room during a life-threatening family medical emergency, and unconstitutionally denied the Plaintiff his Sixth Amendment right to the assistance of counsel before subjecting him to a 10-day retaliatory summary incarceration. This coordinated campaign constitutes a gross violation of rights secured under the Fourth, Sixth, and Fourteenth Amendments, for which the Plaintiff demands substantial compensatory and punitive damages.
5. **COUNT II: VIOLATION OF PRIVACY RIGHTS AND UNAUTHORIZED USE OF SSN**
   The willful appropriation of Plaintiff's Social Security Number by Defendants to generate unverified commercial obligations, absent proper service of process or statutory authority, constitutes an unlawful invasion of privacy and a deprivation of rights secured under the Fourteenth Amendment.
6. **COUNT III: WILLFUL IDENTITY THEFT AND TRADEMARK INFRINGEMENT**
   The unauthorized use of the proprietary trade name JACOB DANIEL ZIMMER™ by Defendants to establish commercial enforcement accounts and generate unverified financial instruments without express written consent or license constitutes willful trademark infringement and misrepresentation under federal law.

7. **COUNT IV: BREACH OF FIDUCIARY DUTY, PUBLIC NON-DISCLOSURE, AND SYSTEMIC FAILURE OF ACCOUNTABILITY**
   As public administrative and judicial entities processing automated financial obligations and seizing private property, Defendants owe a strict fiduciary duty of transparency and absolute financial accountability to the public. The systemic failure to maintain or disclose verified financial account ledgers, coupled with Head Clerk Sherman Lee's explicit admission that the court has abandoned its accounting duties entirely while continuing to execute predatory property levies against the Plaintiff, constitutes a profound, bad-faith breach of administrative and fiduciary duty.
8. **CLAIM FOR EQUITABLE REMEDY (CONSTRUCTIVE TRUST):** Defendants are in possession of specific, traceable private funds belonging to the Plaintiff seized via unauthorized garnishments. Equity requires the imposition of a Constructive Trust over all seized assets to prevent severe unjust enrichment.

**PRAYER FOR RELIEF:** Plaintiff respectfully requests that this Court enter judgment against Defendants:
(1) Issuing a Preliminary Injunction halting all wage garnishments and tax intercepts;
(2) Ordering Defendants to immediately withdraw the Trademark name JACOB DANIEL ZIMMER and associated SSN from the Federal Passport Denial Program;
(3) Ordering a full disclosure of all hidden bid, payment, and performance records;
(4) Ordering a full return of all seized funds held in constructive trust; and
(5) Awarding substantial compensatory and punitive damages for the false imprisonment, police harassment, color of law violations, and trademark infringement.

Plaintiff hereby demands a trial by jury on all issues so triable.

Executed this 10 day of November, 2026.

By: Jacob Daniel Zimmer

JACOB DANIEL ZIMMER, Lawful Trademark Owner / Plaintiff Pro Se